UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAMAS PAPAPETROU and CHRYSTALA PAPAPETROU-IOANNOUS, as personal representatives of the estate of PETER VII, Patriarch of Alexandria and All Africa a/k/a PETROS PAPAPETROU, deceased, et al.　) ) ) ) ) ) | |
| Plaintiffs,　) ) | |
| v.　) ) | 07 C 5892 |
| THE BOEING COMPANY, HONEYWELL INTERNATIONAL, INC., and GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC.,　) ) ) ) ) | Judge George M. Marovich |
| Defendants.　) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs–the next of kin of four individuals killed in a helicopter crash–filed in the

Circuit Court of Cook County Illinois a tort action against defendants the Boeing Company

("Boeing"), Honeywell International, Inc. ("Honeywell") and Goodrich Pump & Engine Control

Systems, Inc. ("Goodrich").  Boeing removed the case to this Court, and plaintiffs have filed a

motion to remand the proceedings to state court.  Also before the Court is Boeing's motion to

transfer venue to the United States District Court for the Eastern District of Pennsylvania.  For

the reasons set forth below, the Court denies plaintiffs' motion to remand and grants defendant

Boeing's motion to transfer venue.

I.　**Background**

On September 11, 2004, a helicopter owned by the Hellenic Army was en route to Mt.

Athos, Greece when it crashed into the Aegean Sea, killing all those on board.  The crash's

victims included Peter VII, Patriarch of Alexandria and all Africa (then-Pope of the Greek

Orthodox Church); Georgis Papapetrou; Archdeacon Nectarios a/k/a Vasilios Kontogiorgos; and

Chrysostomos Archbishop and Metropolitan of Carthage a/k/a Chrysostomos Papadopoulos.

The helicopter itself was a Boeing CH-47SD, also called a "Super D Chinook," whose

serial number was M4286 (the "Helicopter"). Boeing designed, manufactured, assembled and

sold the Helicopter. It contained engines designed and manufactured by Honeywell and engine

control systems designed and manufactured by Goodrich.

In the complaint, plaintiffs assert two claims (one labeled "Product

Liability/Unairworthiness" and one labeled "Negligence") against each defendant. Among other

things, plaintiffs allege that the Helicopter was defective in that Boeing incorporated a digital

engine control unit that a) contained faulty circuitry, b) lacked sufficient protection for wiring, c)

had incorrect fault codes, d) improperly controlled the flow of fuel, and e) lacked redundancy for

power loss. Plaintiffs also allege that the rotors and rotor blade system were designed such that

they were likely to strike the Helicopter's fuselage. Plaintiffs complain that the Helicopter's

hydraulic system lacked necessary redundancies, prevented a pilot from manually overriding

certain maneuvers and contained contaminated fluid. Plaintiffs also allege that the automatic

flight controls and electrical system were faulty. Plaintiffs add that Boeing was negligent in

designing and manufacturing the Helicopter. Finally, plaintiffs assert that they bring the action

"pursuant to general maritime law, and/or the U.S. Death on the High Seas Act, and/or the laws

of Greece, and/or other applicable laws."

On September 10, 2007, plaintiffs filed this suit in the Circuit Court of Cook County.

One day after filing suit in the Circuit Court of Cook County, plaintiffs filed a nearly-identical

action in the United States District Court for the Eastern District of Pennsylvania.[1]  Boeing

removed this case from the Circuit Court of Cook County to this Court on October 17, 2007 and

on October 22, 2007 moved to transfer venue to the Eastern District of Pennsylvania.  On

November 14, 2007, plaintiffs moved to remand this case back to the Circuit Court of Cook

County.

     While the parties were briefing the motions pending before this Court, they were also

briefing a motion in the Eastern District of Pennsylvania.  On November 30, 2007, after at least

two defendants had already filed answers to the complaint (i.e., after the point at which a

plaintiff may dismiss a claim without leave of court), plaintiffs filed a motion with the Eastern

District of Pennsylvania to dismiss voluntarily their claims in that forum.  Judge O'Neill of the

Eastern District of Pennsylvania entered an order deferring decision on plaintiff's motion to

dismiss until after this Court rules on the motions pending before it.

     In support of its motion for transfer and in support of removal, Boeing filed declarations

describing the Helicopter's development.  According to those declarations, all of Boeing's

activities with respect to the design, manufacture, assembly and testing of the Helicopter took

place at Boeing's CH-47D production facility in Ridley Park, Pennsylvania.  Evidence regarding

the coordination between the U.S. Government and Boeing as to the design and manufacture of

the Helicopter is maintained at the U.S. Government's Defense Contract Management Agency in

---

[1]Federal court jurisdiction over the Eastern District of Pennsylvania case is premised on 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy is greater than $75,000.00.  Defendants could not remove this case to federal court on the basis of diversity jurisdiction, however, because Boeing (which has its principal place of business in Illinois) is a forum defendant.  *See* 28 U.S.C. § 1441(b).

Pennsylvania. Boeing's Illinois headquarters was not involved with the development of the CH-47D.

According to Boeing's declarations, the CH-47D is the U.S. Army's primary multi-mission, medium-lift transport helicopter. Boeing produced a pre-cursor fleet of CH-47 helicopters for the U.S. Army in the 1960's. In 1980, the U.S. Army issued to Boeing the first production contract for modernization of the earlier CH-47's to the D model. Later, the U.S. Army issued to Boeing a contract for the production of a newly-built D model aircraft. Since 1980, Boeing has produced some 500 CH-47D helicopters for the U.S. Army. Boeing designed and manufactured the CH-47D helicopters for the U.S. Army in accordance with U.S. Government specifications.

In October 1999, the U.S. Army issued to Boeing a contract for the procurement of seven International CH-47D Long Range helicopters that would be transferred by the U.S. Army to the Hellenic Army. The contract set out detailed specifications for every aspect–from the rotor blades to the fasteners–of the helicopters. Among other things, the contract stated that the helicopters for the Hellenic Army would have the "same rotor blades, transmissions, external cargo hooks, and modularized hydraulic, electrical, and advanced flight control systems as the U.S. Army CH-47D." The Seven helicopters Boeing produced pursuant to the October 1999 contract included the Helicopter at issue in this case. Boeing delivered the Helicopter to the U.S. Army in Pennsylvania on August 31, 2001. The U.S. Army subsequently sold the Helicopter to the Hellenic Army.

## II.      Discussion

### A.      Plaintiffs' motion to remand

As the proponent of federal jurisdiction, Boeing "bears the risk of nonpersuasion" and

must present evidence that this Court has jurisdiction. *Hart v. FedEx Ground Package Sys. Inc.*,

457 F.3d 675, 682 (7th Cir. 2006).

Boeing removed the case under the federal officer removal statute. That statute provides,

in relevant part:

> (a)   A civil action or criminal prosecution commenced in a State court against
> any of the following may be removed by them to the district court of the United
> States for the district and division embracing the place wherein it is pending:
>
>       (1) The United States or any agency thereof or any officer (or any person
> acting under that officer) of the United States or of any agency thereof, sued in an
> official or individual capacity for any act under color of such office or on account
> of any right, title or authority claimed under any Act of Congress for the
> apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442. Under the federal officer removal statute, unlike under federal question

jurisdiction, a case may be removed to federal court on the basis of a federal defense. *Jefferson*

*County Alabama v. Acker*, 527 U.S. 423, 431 (1999). To establish that removal was proper,

Boeing must establish that: 1) it is a "person" within the meaning of the act; 2) it has a colorable

federal defense; and 3) it acted under the direction of a federal officer. *Jefferson County*, 527

U.S. at 431; *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp.2d 838, 844 (S.D. Ill. 2006).

First, the Court concludes that a corporation, such as Boeing, is a "person" for purposes

of the Federal Officer removal statute. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d

387, 398 (5th Cir. 1998); *Alsup*, 435 F. Supp.2d at 845 n. 3; *Arness v. Boeing North American,*

*Inc.*, 997 F.Supp. 1268, 1272 (C.D. Cal. 1998); *Akin v. Big Three Industries, Inc.*, 851 F. Supp.

819, 823 (E.D. Tex. 1994).

Second, the Court considers whether Boeing was acting under a federal officer.  "The

words 'acting under' are broad," and the federal officer removal statute must be liberally

construed.  *Watson v. Philip Morris Co.*, *Inc.*, 127 S.Ct. 2301, 2304-2305 (2007).  Merely

complying with federal regulations, however, will not suffice.  *Watson*, 127 U.S. at 2307.

Government contractors, though, often go beyond merely complying with federal regulations.  A

number of courts have concluded that where a government contractor builds a product for the

government and to the government's specifications, it is acting under a federal officer.  *See*

*Winters*, 149 F.3d at 400 (affirming removal based on "the government's detailed specifications

concerning the make-up, packaging, and delivery of Agent Orange, the compulsion to provide

the product to the government's specifications, and the on-going supervision the government

exercised over the formulation, packaging, and delivery of Agent Orange"); *Akin*, 851 F.Supp. at

823-824 ("Plainly, when a government contractor builds a product pursuant to Air Force

specifications and is later sued because compliance with those specifications allegedly causes

personal injuries, the nexus requirement is satisfied.").  In *Watson*, the Supreme Court explained

the difference between the situation of a government contractor producing a product for the

government and a company merely complying with federal regulation:

> the private contractor in such cases is helping the Government to produce an item
> that it needs.  The assistance that private contractors provide federal officers goes
> beyond simple compliance with the law and helps officers fulfill other basic
> governmental tasks.  In the context of *Winters*, for example, Dow Chemical
> fulfilled the terms of a contractual agreement by providing the Government with a
> product that it used to help conduct a war.  Moreover, at least arguably, Dow
> performed a job that, in the absence of a contract with a private firm, the
> Government itself would have had to perform.

*Watson*, 127 S.Ct. at 2308.

In this case, the Court concludes that Boeing has sufficiently shown that it was acting under a federal officer. Rather than just complying with regulations, Boeing was acting as a federal contractor to build the Helicopter for the U.S. Army, which subsequently sold the Helicopter to the Hellenic Army. Boeing was following U.S. Government specifications, including specifications for the rotor blades, hydraulic system and electric system, i.e., the very portions of the Helicopter plaintiffs deem to have been improperly designed and the very portions with respect to which plaintiffs allege Boeing was negligent.

Finally, the Court considers whether Boeing has a colorable federal defense. An important reason for the federal officer removal statute is to give the federal officer a federal forum to decide a federal defense. *Jefferson County*, 527 U.S. at 431. Accordingly, the proponent of federal jurisdiction need not win the defense before he can remove his case; he need only show the defense is plausible. *Jefferson County*, 527 U.S. at 431; *see also Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir. 1994). Here, Boeing asserts a government contractor defense. "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988). By putting forth evidence that Boeing produced the Helicopter pursuant to U.S. Army specifications, Boeing has shown that it has a colorable defense. (Whether Boeing can prove the defense on the merits, the Court need not decide today.)

For these reasons, the Court concludes that Boeing properly removed the case to this

Court under the federal officer removal statute.  Plaintiffs' motion to remand is denied.

**B.      Boeing's motion to transfer venue**

Next, the Court considers Boeing's motion to transfer venue, which motion is supported

by defendants Goodrich and Honeywell.  Defendants want the case transferred to the Eastern

District of Pennsylvania, where a nearly-identical suit is currently pending.  The plaintiffs prefer

that the case stay here.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  *Raddenbach v. Soo Line R.R. Co.*, No. 99 C 2588, 1999 WL

984393, 1 (N.D. Ill. Oct. 25, 1999).  The Court considers three factors in determining whether to

transfer the case: (1) whether venue is proper in both the transferor and transferee courts; (2)

whether transfer is for the convenience of parties and witnesses; and (3) whether transfer is in the

interest of justice.  *Id*.  It is within the sole discretion of the judge to determine the weight

accorded to each factor.  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

First, the parties concede (as they must since they admitted as much in pleadings filed

with the Eastern District of Pennsylvania) that venue would be proper either here or in the

Eastern District of Pennsylvania.

The second factor, convenience of the parties, suggests that the case should be

transferred.  Often, courts considering transfer motions put a thumb on the scale in favor of the

plaintiffs' choice of forum.  *See In re: Nat'l Presto Ind.*, 347 F.3d 662, 664 (7th Cir. 2003)

("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should

rarely be disturbed.") (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Plaintiffs

would like this Court to put a thumb on the scale in favor of keeping the case here. But the

Court thinks that would be unjust where, as here, the plaintiffs actually filed a nearly-identical

suit in the very court to which defendants seek to transfer this case. In any event, it is clear that

Illinois has little connection to this case beyond being the location of Boeing's headquarters. *See*

*Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995) ("the

weight given to a plaintiff's choice of forum is lessened if the chosen forum has relatively weak

connections with the operative facts giving rise to the claim."). No plaintiff resides in or is from

Illinois. None of the events from which the claim arose took place in Illinois. No party has

named a single witness who is located in Illinois. To the contrary, Boeing has put forth evidence

that all of its witnesses are in Pennsylvania and that all of its activity with respect to the

Helicopter's design and manufacture took place in Pennsylvania. Honeywell and Goodrich add

that their relationships with Boeing are centered in Pennsylvania. The convenience factor favors

transfer.

   Finally, the Court considers the interest of justice. Because neither district has a

significant advantage in terms of how fast the case is likely to proceed, this factor cuts neither for

nor against transfer.

   Boeing's motion to transfer venue is granted.

**IV.**  <u>Conclusion</u>

For the reasons set forth above, the Court denies plaintiffs' motion to remand. The Court grants defendant Boeing's motion to transfer venue. This case is transferred to the United States District Court for the Eastern District of Pennsylvania.

ENTER:

George M. Marovich
United States District Judge


DATED: February 25, 2008